UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSORCIO CEMENTERO DEL SUR S.A., Petitioner, -v- GCC, S.A.B. de C.V., and GCC LATINOAMERICA, S.A. de C.V., Respondents. | 26-cv-646 (SHS) ORDER |

SIDNEY H. STEIN, U.S. District Judge.

On July 28, 2026, the Court issued an Amended Opinion & Order in which petitioner Consorcio Cementero del Sur S.A.'s ("CONCESUR") petition to vacate the arbitration award underlying this action was denied and respondents GCC, S.A.B. de C.V., and GCC LATINOAMERICA, S.A. de C.V.'s (together, "GCC") cross-petition to confirm that arbitration award was granted (the "Order"). (Dkt. No. 31.) The Order also found that GCC was entitled to its attorneys' fees and costs and directed GCC to "file a detailed fee and cost application for the Court's consideration." (Order at 9.) Final judgment was entered 10 days later on August 7, 2026 (Dkt. No. 33), and on August 12, 2026, GCC filed its application for fees and costs (Dkt No. 34). However, on September 8, 2026, CONCESUR filed a notice of appeal to the United States Court of Appeals for the Second Circuit from both the Order and the final judgment. (Dkt. No. 39.) GCC's application for fees and costs remains pending.

If a claim for fees is pending when "an appeal on the merits of the case is taken, the district court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under [Fed. R. Civ. P. 54] subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225–26 (2d Cir. 2004) (citation modified) (quoting Fed. R. Civ. P. 54(d)(2) advisory committee's note to 1993 amendment). Under the relevant contract between CONCESUR and GCC, the prevailing party in the arbitration is entitled to its fees and costs. (*See* Dkt. No. 1-2 (Supplementary Share Purchase Agreement) § 4.11.) Therefore, "the resolution of [CONCESUR's] pending appeal on the merits could potentially impact" this Court's determination of which party is entitled to fees and costs. *Matsumura v. Benihana Nat. Corp*, No. 06 CIV.7609, 2010 WL 1783552, at *1 (S.D.N.Y. Apr. 23, 2010).

Accordingly, the Court denies CONCESUR's application for fees and costs without prejudice to its renewal within 14 days of the issuance of the Second Circuit's mandate on its pending appeal. *See* Fed R. Civ. P. 54(d)(2)(B).

Dated: New York, New York
September 23, 2026

SO ORDERED:

Sidney H. Stein

Sidney H. Stein, U.S.D.J.